UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
**POLISHED.COM, INC.**, formerly known as 1847 :
Goedeker Inc.,
:
                     Plaintiff, : **MEMORANDUM DECISION AND ORDER**
:
      – against – 24-CV-2913 (AMD) (MMH)
:
**MOSHE NAOULO**, :
:
                     Defendant.
:
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On February 18, 2023, the plaintiff sued the defendant for conversion in the Supreme Court of the State of New York, Kings County. On March 7, 2024, the plaintiff and its affiliates commenced a Chapter 7 proceeding in the United States Bankruptcy Court for the District of Delaware. (ECF No. 1 ¶ 1.) On April 18, 2024, the plaintiff removed the action to this Court (ECF No. 1), and asks that the Court refer the action to the Bankruptcy Court for the Eastern District of New York or the District Court for Delaware (ECF Nos. 6, 7, 13). The plaintiff asserts that it intends to apply to one of those courts to have the action transferred to the Bankruptcy Court for the District of Delaware. (*Id.*) The defendant opposes and asks the Court to remand this action to the state court. (ECF Nos. 10, 12.)

Following a pre-motion conference on October 22, 2024, the Court directed the parties to brief the questions of permissive abstention under 28 U.S.C. § 1334(c)(1) and equitable remand under 28 U.S.C. § 1452(b). (*ECF Order dated Oct. 30, 2024*.) As explained below, the criteria for permissive abstention in 28 U.S.C. § 1334(c)(1) and equitable remand in 28 U.S.C. § 1452(b)

are satisfied. Accordingly, the Court remands this action to the Supreme Court of the State of New York, Kings County, and denies as moot the plaintiff's request to transfer the case.

## BACKGROUND

Beginning in August 2017, the defendant was an appliance salesperson for the plaintiff. (ECF No. 1-1 ¶¶ 7, 9.) In the state court action, the plaintiff alleged that between October 2022 and January 2023, when the defendant voluntarily left the company, the defendant engaged in a scheme to resell the plaintiff's products and services at marked-up prices in violation of company policy (*id.* ¶¶ 11, 15, 18), including by forming a separate company through which he resold Polished.com's goods (*id.* ¶ 10), "falsely put[ting] the orders in the names of various Polished.com customers, even though those customers had not requested the goods" (*id.* ¶ 13), and "chang[ing] the notification email addresses, credit card numbers, and delivery addresses to his personal address" (*id.* ¶ 14).

On February 18, 2023, the plaintiff filed this action in the New York Supreme Court, Kings County, asserting a claim of conversion under New York law. (ECF No. 1-1.) The defendant asserted counterclaims for breach of contract, breach of implied contract, defamation, and tortious interference with prospective business relations. *See generally Polished.com Inc. v. Naoulo*, No. 505712/2023, 2023 WL 6849612 (N.Y. Sup. Ct. Oct. 10, 2023). On October 10, 2023, the Honorable Leon Ruchelsman, who presided over the action in state court, dismissed all of the counterclaims except the breach of implied contract claim. *Id.* at 3. In the state action, the plaintiff seeks $600,000 in restitution, "interests, costs of suit, and attorneys' fees," and "any such other and further relief as the Court determines just and equitable." (ECF No. 1-1 at 4.)

More than a year after it filed the state action, the plaintiff and its affiliates filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the United States

Bankruptcy Court for the District of Delaware. (ECF No. 1 ¶ 1.)[1] The defendant is not a party to that action. On April 18, 2024, the plaintiff removed the state court action to this Court pursuant to 28 U.S.C. § 1452(a); the plaintiff intended to move for a transfer of venue to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404, and then for referral to the United States Bankruptcy Court for the District of Delaware pursuant to that district's standing order. (*Id.* ¶ 11.) *See* Am. Standing Order of Reference (D. Del. Feb. 29, 2012) ("Pursuant to 28 U.S.C. Section 157(a), any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for this district."). A month later, the plaintiff requested that the Court refer the action to the United States Bankruptcy Court for the Eastern District of New York pursuant to this district's standing order. (ECF No. 6.) *See* Standing Order of Reference (E.D.N.Y. Dec. 5, 2012) ("28 U.S.C. § 157(a) provides that each district court may refer any or all cases under Title 11 and any or all proceedings arising under Title 11, or arising in or related to a case under Title 11 . . . to the Bankruptcy Judges for this District . . . .").

Following an October 22, 2024 pre-motion conference on the plaintiff's anticipated motion for referral to the Bankruptcy Court, the Court directed the parties to brief the questions of permissive abstention under 28 U.S.C. § 1334(c)(1) and equitable remand under 28 U.S.C. § 1452(b); the Court also directed the defendant to advise the Court whether he intended to move for mandatory abstention under 28 U.S.C. § 1334(c)(2). (*ECF Order dated Oct. 30, 2024*.) In a letter, the defendant argues that the Court should remand this case based on permissive abstention and equitable remand; he also asks that this Court grant him leave to file an untimely

---

[1] The bankruptcy case is being administered under No. 24-BK-10353 (D. Del.). (*See* ECF No. 7 at 2.)

motion for mandatory abstention. (ECF No. 12.) The plaintiff opposes remand and abstention and reiterates its request to transfer the case to the Bankruptcy Court. (ECF No. 13.)

## LEGAL STANDARD

"With regard to bankruptcy-related claims, 28 U.S.C. § 1452(a) provides that 'a party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.'" *In re Refco, Inc. Sec. Litig.*, 628 F. Supp. 2d 432, 437 (S.D.N.Y. 2008) (quoting 28 U.S.C. § 1452(a)) (alteration omitted). Section 1334 of Title 28 of the United States Code "provides for original jurisdiction in the district courts for 'all cases under title 11' and 'all civil proceedings arising under title 11, or arising in or related to cases under title 11.'" *In re Quigley Co., Inc.*, 676 F.3d 45, 53 (2d Cir. 2012) (quoting 28 U.S.C. § 1334); *see also Lead I JV, LP v. N. Fork Bank*, 401 B.R. 571, 578–79 (E.D.N.Y. 2009). "For the purposes of removal jurisdiction, a civil proceeding is 'related to' a title 11 case if the action's 'outcome might have any conceivable effect on the bankrupt estate.'" *Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992)) (internal quotation marks omitted); *see also Quigley*, 676 F.3d at 53.

"Even if a party has commenced core bankruptcy proceedings in federal court — or removed them to federal court — courts may voluntarily abstain from hearing those proceedings under certain circumstances." *Libertas Funding, LLC v. ACM Dev., LLC*, No. 22-CV-787, 2022 WL 6036559, at *3 (E.D.N.Y. Oct. 7, 2022). Section 1334(c)(1) provides that a court may permissibly abstain "in the interest of justice, or in the interest of comity with State courts or

4

respect for State law." 28 U.S.C. § 1334(c)(1). In determining whether permissible abstention is warranted, the court considers twelve factors:

> (1) the effect or lack thereof on the efficient administration of the [bankruptcy] estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [*sic*] [the court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Libertas Funding*, 2022 WL 6036559, at *3 (citation omitted).

Section 1452(b) provides that a federal court may remand an action to state court "on any equitable ground." 28 U.S.C. § 1452(b). A court considers seven factors:

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

*Libertas Funding*, 2022 WL 6036559, at *3 (citations omitted).

"The permissive abstention and equitable remand factors overlap and are often analyzed together." *In re Ebury St. Cap., LLC*, No. 24-BR-10499, 2024 WL 4656314, at *10 (Bankr. S.D.N.Y. Nov. 1, 2024). "Accordingly, the Court 'need not plod through a discussion of each factor in the laundry lists developed in prior decisions,' nor should analysis be 'mechanical or a mathematical exercise.'" *In re All Year Holdings Ltd.*, No. 21-BR-12051, 2024 WL 1460157, at

5

*5 (Bankr. S.D.N.Y. Apr. 3, 2024) (citation omitted); *see also Osuji v. HSBC Bank, U.S.A., Nat'l Ass'n*, 580 B.R. 605, 612 (E.D.N.Y. 2018) ("The court is not required, however, to consider each of these factors, and may permissibly abstain where only some of them favor abstention."); *Fried v. Lehman Bros. Real Est. Assocs. III, L.P.*, 496 B.R. 706, 713 (S.D.N.Y. 2013) ("In determining whether to exercise permissive abstention under § 1334(c) courts have considered one or more (not necessarily all) of twelve factors.").

"Permissive abstention and equitable remand may be raised *sua sponte* by a court notwithstanding the absence of a motion to remand by any party." *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 61 (S.D.N.Y. 2011). Where the action involves a core bankruptcy matter, courts must consider the factors for permissible abstention and equitable remand "[a]gainst the bedrock principle that federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *KeyBank, N.A. v. Franklin Advisers, Inc.*, 600 B.R. 214, 225 (S.D.N.Y. 2019) (quoting *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976)).

## DISCUSSION

The parties agree that the plaintiff's claim — a conversion claim arising under New York common law — is not a core proceeding (ECF No. 12 at 1; ECF No. 13 at 2–3); the action is a non-core proceeding related to the plaintiff's bankruptcy case because it might have a "conceivable effect" on its estate. *See Cuyahoga*, 980 F.2d at 114. Thus, the Court considers

6

whether permissive abstention under 28 U.S.C. § 1334(c)(1) or equitable remand under 28 U.S.C. § 1452(b) is appropriate.[2]

## I. Efficient Administration of the Bankruptcy Estate

The parties disagree about the first factor — the effect of remand or abstention on the efficient administration of the bankruptcy estate. According to the defendant, remand would not prolong the administration of the bankruptcy case because the bankruptcy proceedings are "just beginning." (ECF No. 12 at 2.) The plaintiff, on the other hand, claims that transferring the case to the Delaware District Court Bankruptcy Court "will promote economic and efficient administration of Polished's bankruptcy case and judicial economy" (ECF No. 13 at 2), but does not explain how remand would impair the administration of the bankruptcy estate.

"Courts in this circuit frequently cite the first factor — the effect that abstention would have on the efficient administration of the estate — as a reason for permissively abstaining." *Osuji*, 580 B.R. at 613 (E.D.N.Y. 2018); *see also Allstate Ins. Co. v. CitiMortgage, Inc.*, No. 11-CV-1927, 2012 WL 967582, at *6 (S.D.N.Y. Mar. 13, 2012) (describing this factor as "one of the more important factors to consider"). "[W]hen the debtor is a plaintiff and has commenced state law claims against entities having no interest in the bankruptcy estate, it is appropriate to remand the matter to state court because a state court is better able to respond to a suit involving state law." *Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins.*, 130 B.R. 405, 403 (Bankr. S.D.N.Y. 1991).

---

[2] The Court applies the seven equitable remand factors, which overlap with the twelve permissive abstention factors. The parties address the seven equitable remand factors in their letters.

The Court does not address whether mandatory abstention is appropriate under 28 U.S.C. § 1334(c)(2), except to note that a motion for mandatory abstention would be untimely, as the defendant concedes. (*See* ECF No. 12 at 3; ECF No. 13 at 4.)

7

This action "involves a claim by a bankruptcy trustee against [a] third part[y] who [is] not involved in the bankruptcy proceeding." *Geltzer as Tr. of Est. of Michaux v. Riverbay Corp.*, No. 18-CV-11094, 2019 WL 912504, at *4 (S.D.N.Y. Feb. 25, 2019). Moreover, the plaintiff's Chapter 7 bankruptcy case, which post-dated the state conversion case, is still at an early stage, and liquidation of the estate has not yet commenced. *See Worldview Ent. Holdings Inc. v. Woodrow*, 611 B.R. 10, 19–20 (S.D.N.Y. 2019) ("In a chapter 7 proceeding, there is no administrative urgency or plan of reorganization to facilitate and timely adjudication can be weighed relatively lightly." (citation omitted)); *Fried*, 496 B.R. at 709 (finding that "state adjudication will not impede the efficient administration of the bankruptcy estate" in the Chapter 11 bankruptcy where the liquidation process began and "will continue for several more years").

Under these circumstances, the first factor weighs strongly in favor of the state forum.

**II.  Predominance of State Law Issues, the Nature of the Applicable State Law, Comity, and Relatedness of State Proceeding**

Factors two through five — the predominance of state law issues, the nature of the applicable state law, comity and relatedness of the state case — overlap, so the Court considers them together. "While no factor is determinative, 'abstention is particularly compelling' where the proceeding 'sounds in state law and bears a limited connection to debtor's bankruptcy case.'" *In re Bay Point Assocs.*, No. 07-CV-1492, 2008 WL 822122, at *3 (E.D.N.Y. Mar. 19, 2008) (citation omitted). "State courts still 'have the greatest interest in resolving issues of state law' — even non-complex ones." *Libertas Funding, LLC*, 2022 WL 6036559, at *6 (citation omitted); *see also Worldview Ent. Holdings Inc.*, 611 B.R. at 20 ("In this case, remand of the New York state law claims is warranted because they concern solely state law matters, as opposed to bankruptcy or other federal matters."); *Osuji*, 580 B.R. at 614 ("[T]he predominance of state law issues has been described as one of the more compelling reasons for abstaining.");

8

*Fried*, 496 B.R. at 713 (finding in favor of state court adjudication where "[t]he Amended Complaint is based entirely on state law, and there are no bankruptcy or other federal issues"); *Little Rest Twelve, Inc.*, 458 B.R. at 60 (finding the second factor as favoring abstention and remand because"[t]he cases contain exclusively state claims with little, if any, relevance to federal law").

These factors decisively favor abstention and remand.  This is a purely state law case, with no basis for federal jurisdiction other than "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b).  The applicable law is New York state law on conversion, in which New York state courts are obviously well-versed.  For similar reasons, interests of comity favor resolving the conversion case in state court.  The case is moving along since the plaintiff filed it in February 2023, and the state court has already resolved a motion to dismiss the defendant's counterclaims.  *See Little Rest Twelve, Inc.*, 458 B.R. at 60 (finding the factor of comity weighed "strongly in favor of allowing Justice Fried to finish the matters that he has begun, particularly considering his indication that he anticipated concluding the representation matter if the *Visan* case were remanded").

As for relatedness, the only factor that plaintiff cites is that the state court case is part of the bankruptcy estate over which the Delaware Bankruptcy Court has jurisdiction.  But the state case has no other meaningful connection to the bankruptcy case.  As noted above, the plaintiff filed it more than a year before it filed for bankruptcy.

Under these circumstances the second through fifth factors overwhelmingly favor the state forum.

### III.     Right to Jury Trial

The parties agree that they have a right to a jury on the conversion claim.  (ECF No. 12 at 3; ECF No. 13 at 3.)  Accordingly, the sixth factor weighs in favor of the state forum.

9

### IV.     Prejudice to the Defendant

As for the seventh factor — prejudice to the defendant — the defendant says that he would be "severely prejudiced" if the action proceeds in federal court because he "is paying his counsel hourly" and would be "forced to relitigate matters previously litigated in state court." (ECF No. 12 at 3.)  The plaintiff responds that the state court already resolved its motion to dismiss his counterclaims and that this Court "could proceed to setting a pretrial discovery [schedule] and commencing discovery." (ECF No. 13 at 3.)  This factor favors the state forum. *See, e.g.*, *Geltzer as Tr. of Est. of Michaux*, 2019 WL 912504, at *5 (considering whether a remand would "prejudice any defendant"); *Little Rest Twelve, Inc.*, 458 B.R. at 60 ("The involuntarily removed parties would be severely prejudiced by being forced to relitigate matters that were addressed in state court.").  As explained above, the case has been proceeding in state court, in front of a judge with expertise on the history and subject matter of the case.  Under these circumstances, the conversion case "would be litigated in a very timely manner in state court." *Little Rest Twelve, Inc.*, 458 B.R. at 59.  Requiring the defendant to start anew in this Court would be unfairly prejudicial.

Accordingly, the seventh factor weighs in favor of the state forum.

All the relevant factors decisively favor litigating the state court case in state court. Accordingly, the requirements under 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b) are satisfied, and the Court permissively abstains and remands this action.

## CONCLUSION

For these reasons, the plaintiff's case is remanded to the Supreme Court of the State of New York, Kings County. The Clerk of the Court is directed to furnish the Clerk of the appropriate state court with a certified copy of this Order and close this case.

**SO ORDERED.**

                                                s/Ann M. Donnelly

                                                ANN M. DONNELLY
                                                United States District Judge

Dated: Brooklyn, New York
          January 7, 2025